[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR FINAL JUDGMENT AND OBJECTIONS THERETO
With regard to the defendant's objections to the plaintiff's claimed pre-appeal costs, the objection to the jury fee in the amount of $100.00 is sustained; the objection to the filing fee for motions to set aside court ordered dismissals is sustained; the objection to the cost of deposition transcripts is sustained; the objection to the deposition fee for Robert Hart is sustained; the objection to the "expert witness fees" for Robert Hart and Philip Block is sustained; with respect to the claim for "attorney's fees" the objection is sustained, but indemnity in the total amount of $325.00 is awarded, representing proceedings before trial ($50.00) the trial of an issue of law or fact ($75.00) and a further allowance of $200.00, pursuant to General Statutes § 52-257 (a).
At oral argument the parties reported that the issue regarding appeal costs has been resolved.
In respect to post-judgment interest, the plaintiff's claim is based on General Statutes § 37-3b, which provides for "interest at the rate of 10% a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of the judgment." The defendant contends that this language does not apply to damages for commercial or economic loss as is the case here. This court agrees, and adopts the reasoning of Judge Corradino inLeStrange v. Korowotny, 1997 WL 707101 (Conn.Super. 1997). Although there is some contention that the digging of test holes on the plaintiff's property caused that property some "injury", it is apparent that the plaintiff was awarded damages based on his CT Page 4917 commercial or economic loss, not physical injury to the property. The objection is therefore sustained with regard to the claim for prejudgment interest.
Based on the rulings on the objections, final judgment may now enter in favor of the plaintiff on the negligence count in the amount of $44,074.00, the amount of the verdict, plus costs in the amount of $325.00, plus those costs awarded by the Appellate Court. As directed by the Appellate Court, judgment will enter in favor of the defendant on the breach of contract count.
SILBERT, JUDGE.